## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| DELL HILLARY,<br><br>    Plaintiff,<br><br>vs.<br><br>MIDWEST JANITORIAL SERVICE, INC. AND MIDWEST TOTAL SOLUTIONS, LLC,<br><br>    Defendants. | NO. **LACV087522**<br><br><br>PETITION AND JURY DEMAND |

COMES NOW the Plaintiff, and for his cause of action states the following:

### INTRODUCTION

1. This is an action under the Iowa Civil Rights Act, the Americans with Disabilities Act, and the Family Medical Leave Act, challenging Defendants' wrongful employment practices directed at Plaintiff.

2. Plaintiff Dell Hillary is a resident of Dubuque County, Iowa.

3. Defendant Midwest Janitorial Service, Inc. is an Iowa corporation doing business in Linn County, Iowa.

4. Defendant Midwest Total Solutions, LLC is an Iowa corporation doing business in Linn County, Iowa and is the parent company of Midwest Janitorial Service, Inc.

5. The acts about which Plaintiff complains occurred in Linn County, Iowa.

### PROCEDURAL REQUIREMENTS

6. On August 5, 2015, within 300 days of the acts of which he complains, Plaintiff filed charges of employment discrimination against Defendants with the Equal Employment Opportunity Commission.

EXHIBIT
A

1

7.     On November 12, 2015, within 300 days of the acts of which he complains, Plaintiff's charges of employment discrimination against Defendants were filed with the Iowa Civil Rights Commission.

8.     On December 22, 2016, the Equal Employment Opportunity Commission issued a right to sue letter with respect to Plaintiff's charges of discrimination against Defendants.

9.     On January 26, 2017, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission issued a right to sue letter with respect to Plaintiff's charges of discrimination against Defendants.

## FACTUAL BACKGROUND

10.     On August 17, 2011, Midwest Janitorial Service, Inc. hired Plaintiff Dell Hillary as a Supervisor.

11.     Dell was responsible for supervising cleaners on various accounts.

12.     Dell was eventually promoted to Dubuque Branch Manager/Supervisor. This resulted in handling more clerical duties and the number of the accounts he oversaw doubled during this time.

13.     Dell was based out of Dubuque but reported to Defendants' main branch in Hiawatha.

14.     Dell was the only individual in management in Dubuque.

15.     In October 2014, Dell began to experience soreness in his muscles after unloading a van full of supplies and asked Erin Decker in Human Resources about taking an occasional day off of work.

16.     Dell was asked to fill out a document showing he was fit for duty.

17.     Ms. Decker also suggested that Dell see a chiropractor.

18.     On January 2, 2015, Dell suffered a ruptured C5-C6 disc in his back as a result of a very vigorous chiropractic adjustment.

2

19.    Between January 2 and 19, 2015, Dell completed his job duties remotely, utilizing both his telephone and his computer.

20.    On January 19, Dell applied for leave under the Family Medical Leave Act.

21.    Defendants approved Dell's request for leave through April 14, 2015.

22.    Dell had back surgery on March 23, 2015.

23.    On April 6, 2015, Dell was approved to return to work on April 13 with restrictions.

24.    Also on April 6, 2015, Dell provided Defendants with a note from his doctor, identifying his work restrictions.

25.    Dell's restrictions were to work half days, not lift more than 10 pounds, be able to switch positions as needed, and minimal driving until his reevaluation on May 4.

26.    Dell called his supervisor, Bryan Muck, on April 9 to let him know when he would be returning to work. During this phone call Dell informed Mr. Muck of his restrictions.

27.    Mr. Muck told Dell he couldn't wait to see him and it would be great to have him back.

28.    Dell returned the work on April 13.

29.    That same day, Dell received a certified letter from Defendants (dated April 9), firing him.

30.    In the April 9 letter, Defendants stated that they were firing Dell because they could not reasonably accommodate his disability.

31.    After receiving the letter, Dell immediately called Aaron Schultz, Vice President of Midwest Janitorial Service, Inc.

32.    Mr. Schultz told Dell that Kim Schultz, President of Midwest Janitorial Service, Inc., talked with Ms. Decker and Margot Roland in Human Resources about Dell's situation on April 9 and he didn't know anything about it.

3

33.     Dell was reevaluated by his doctor on May 4, 2015, and was released with no restrictions at that time.

34.     Erin Decker was an employee and agent of Defendants, acting at all material times in the scope of her employment and agency.

35.     Bryan Muck was an employee and agent of Defendants, acting at all material times in the scope of his employment and agency.

36.     Aaron Schultz was an employee and agent of Defendants, acting at all material times in the scope of his employment and agency.

37.     Kim Schultz was an employee and agent of Defendants, acting at all material times in the scope of her employment and agency.

38.     Margot Roland was an employee and agent of Defendants, acting at all material times in the scope of her employment and agency.

## COUNT I
## VIOLATION OF THE IOWA CIVIL RIGHTS ACT
## DISABILITY DISCRIMINATION AND RETALIATION

39.     Plaintiff repleads paragraphs 1 through 38 as if fully set forth herein.

40.     Plaintiff was disabled within the meaning of the Iowa Civil Rights Act.

41.     Plaintiff's back condition substantially interfered with his ability to perform manual tasks, care for himself, sleep, walk, sit, reach, bend, and lift.

42.     Plaintiff's neck and back conditions also substantially interfered with the normal functioning of his skeletal system.

43.     Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

44.     Defendants discriminated against Plaintiff with respect to his employment in violation of the Iowa Civil Rights Act.

4

45.     Plaintiff's disability was a motivating factor in Defendants' actions.

46.     Plaintiff requested reasonable accommodations for his disability.

47.     Defendants failed to engage in good faith in an interactive process with Plaintiff to determine how best to accommodate his disability.

48.     Defendants failed to accommodate Plaintiff's disability in violation of the ICRA.

49.     Plaintiff's requests for reasonable accommodations were a motivating factor in Defendants' decision to fire him.

50.     As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress, humiliation, stress, loss of confidence, lost enjoyment of life, medical expenses, lost wages and benefits.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate him for his injuries and damages; for appropriate equitable relief, including but not limited to an injunction prohibiting Defendants from continuing to engage in disability discrimination and an order requiring Defendants to adopt and enforce policies and procedures to guarantee equal employment opportunities to disabled individuals; for prejudgment and post-judgment interest; for attorneys' fees and litigation expenses; for the costs of this action; and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## DISCRIMINATION & RETALIATION

51.     Plaintiff repleads paragraphs 1 through 49 as if fully set forth herein.

52.     Defendant Midwest Janitorial Service, Inc. is and was at all times material an "employer" within the meaning of the ADA.

5

53.     Defendant Midwest Total Solutions, LLC is and was at all times material an "employer" within the meaning of the ADA.

54.     Plaintiff was disabled within the meaning of the ADA.

55.     Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

56.     Defendant failed to accommodate Plaintiff's disability in violation of the ADA.

57.     Defendant failed to engage in good faith in the interactive process with Plaintiff to assist in accommodating his disability in violation of the ADA.

58.     Defendants discriminated against Plaintiff.

59.     Plaintiff's disability was a motivating factor in Defendants' discrimination against him.

60.     Plaintiff requested reasonable accommodations for his disability.

61.     Defendant retaliated against Plaintiff and fired him

62.     Plaintiff's requests for reasonable accommodation were a motivating factor in Defendant's decision to fire him.

63.     Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

64.     As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress; humiliation; fear; embarrassment; stress; lost enjoyment of life; medical expenses; lost wages, benefits, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate him for his injuries and damages, for appropriate equitable relief and injunctive relief including but not limited to an order enjoining Defendants from further violations of the ADA, for punitive damages in an amount sufficient to punish Defendants

6

and to deter them and others from committing similar conduct in the future, for prejudgment and postjudgment interest, for attorney fees, for the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purposes of the ADA.

## COUNT III
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

65.     Plaintiff repleads paragraphs 1 through 64 as if fully set forth herein.

66.     At all times material to this case, Defendant Midwest Janitorial Service, Inc. was an "employer" within the meaning of the Family Medical Leave Act.

67.     At all times material to this case, Defendant Midwest Total Solutions, LLC was an "employer" within the meaning of the Family Medical Leave Act.

68.     Beginning on approximately August 17, 2012, Plaintiff was an "eligible employee" within the meaning of the Family Medical Leave Act.

69.     Plaintiff was entitled to under the FMLA

70.     Plaintiff invoked his right to leave under the FMLA.

71.     Defendants failed to provide Plaintiff with the protected leave that the FMLA requires.

72.     Defendants interfered with Plaintiff's right to take leave under the FMLA.

73.     Defendants discriminated against Plaintiff and fired Plaintiff for exercising his rights under the FMLA.

74.     Plaintiff complained to Defendants about their violations of the FMLA.

75.     Defendants retaliated against Plaintiff and fired him as a result of his complaints and the exercise of his rights under the FMLA.

76.     As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to lost wages, benefits, future earnings, and other emoluments of employment.

7

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate him for his injuries and damages, for liquidated damages, for prejudgment and post-judgment interest, for attorneys' fees, for the costs and expenses of this action, for equitable relief and injunctive relief including by not limited to a Court order enjoining Defendants from further violations of the Family Medical Leave Act, and for such other relief as may be just in the circumstances and consistent with the purpose of the Family Medical Leave Act.

## JURY DEMAND

COMES NOW the Plaintiff and requests a trial by jury.

_/s/ Brooke Timmer_
FIEDLER & TIMMER, P.L.L.C.
Brooke Timmer AT0008821
brooke@employmentlawiowa.com
Whitney Judkins AT0010357
whitney@employmentlawiowa.com
8831 Windsor Parkway
Johnston, IA 50131
Telephone: 515-254-1999
Facsimile: 515-254-9923
ATTORNEYS FOR PLAINTIFF

8

IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | | |
|---|---|---|
| DELL HILLARY, | ) | |
| | ) | |
| Plaintiff, | ) | No. LACV087522 |
| | ) | |
| v. | ) | |
| | ) | ACCEPTANCE OF SERVICE |
| MIDWEST JANITORIAL SERVICE, INC. | ) | |
| AND MIDWEST TOTAL SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

The undersigned, Kelly R. Baier, states that he is attorney for the Defendants,

Midwest Janitorial Service, Inc. and Midwest Total Solutions, LLC, and states that he is

authorized to accept service of the Petition and Jury Demand on behalf of the Defendants in the

captioned action.

Dated this 26ᵗʰ day of April, 2017.

KELLY R. BAIER(#AT0000682)
of
BRADLEY & RILEY PC
2007 First Avenue SE
P.O. Box 2804
Cedar Rapids, IA 52406-2804
Phone: (319) 363-0101
Direct Dial: (319) 861-8723
Fax: (319) 363-9824
Email: kbaier@bradleyriley.com

ATTORNEYS FOR THE DEFENDANTS

EXHIBIT
B

{02247128.DOCX}